# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| BARBARA O'BOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br>    vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>        Defendant. | Case No.: 16-cv-1384<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Barbara O'Boyle is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant GC Services, Limited Partnership ("GCS") is a foreign corporation with its principal place of business located at 6330 Gulfton, Houston, TX 77081.

6. GCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. GCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. GC is a debt collector as defined in 15 U.S.C. § 1692a.

8. GCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. GCS is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or about August 16, 2016, GCS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to: "Synchrony Bank" ("Synchrony"). A copy of this letter is attached to this complaint as Exhibit A.

10. The alleged debt referred to in Exhibit A is an "AEO, Inc."-branded credit card account, allegedly owed to Synchrony. "AEO" stands for the clothing retailer, "American Eagle Outfitters," and Synchrony issues AEO credit cards. *See* https://www.onlinecreditcenter6.com/consumergen2/duallogin.do?subActionId=1000&accountType=generic&clientId=aeoutfitters.

11. The debt was incurred for personal, family or household purposes, including clothing purchases.

12. Exhibit A was the first letter that GCS sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14. Upon information and belief, Exhibit A is a form, initial communication, debt collection letters used by GCS to attempt to collect alleged debts.

15. Exhibit A contains the following text:

2

Case 2:16-cv-01384-LA    Filed 10/14/16    Page 2 of 8    Document 1

> As of the date of this letter, our records show you owe a balance of $177.00 to Synchrony Bank. If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.
>
> However, if you do dispute all or any portion of this debt in writing within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request in writing the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

Exhibit A.

## VIOLATIONS OF THE FDCPA

16. The text in GCS's letter to Plaintiff and the class is inconsistent with 15 U.S.C. § 1692g(a), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. Exhibit A states that the consumer's dispute of the alleged debt must be in writing; however, nothing in 15 U.S.C. § 1692g(a)(3) requires that notification of the dispute must be in writing.

3

18. Failure to provide the correct validation notice pursuant to 15 U.S.C. § 1692g(a) is a *per se* violation of the FDCPA. No analysis of materiality of the error or omission is required. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

19. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, Defendant's misrepresentation is a material false statement.

20. Purporting to impose a writing requirement to dispute a debt raises an impediment to consumers who wish to dispute an alleged debt.

21. Oral disputes invoke some rights under the FDCPA. For example, a debt collector contacting third parties after an oral dispute must inform those parties that the debt is disputed, pursuant to § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that the debt is disputed."

22. Oral disputes also trigger a consumer's rights under several other federal and state statutes. The Fair Credit Reporting Act, for example, requires all persons who furnish information to a credit reporting agency ("CRA") to provide notice of the dispute to the CRA if the debt is disputed by the consumer. 15 U.S.C. § 1681s-2(a)(3).

23. In addition, oral disputes invoke the provisions of the Wisconsin Consumer Act that regulate debt collection. Wis. Stat. § 427.104(1)(f).

24. Defendant's conduct has been repeatedly found to violate the FDCPA. *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) ("The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written "dispute,"

while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute."); *Beattie v. Capital One F.S.B.*, No. 05-cv-310-CNC, slip op. at 6-7 (E.D. Wis. Nov. 8, 2005); *Rosado v. Taylor*, 324 F. Supp. 2d 917, 929 (S.D. Ind. 2004); *Spearman v. Tom Wood Pontiac-GMC, Inc.*, 00-CV-1340-C-T/K, 2002 WL 31854892 at *8 (S.D. Ind., Nov. 4, 2002); *Walters v. PDI Management* Services, 02-CV-1100-JDT-TAB, 2004 WL 1622217 at *4-5 (S.D. Ind., April 6, 2004), *modified by Walters v. PDI Management Services*, 2004 WL 2137513 (S.D. Ind., Jun 14, 2004); *contra. Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

25. Plaintiff was confused by Exhibit A.

26. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

27. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

28. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill.

Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

29. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. The language in GCS's letters is false, misleading and confusing to the unsophisticated consumer, in that the letter tells the consumer that disputes must be in writing,

6

when the plain language of the statute does not require disputes to be made in writing. 15 U.S.C. § 1692g(a)(3); *Camacho*, 430 F.3d at 1081.

32. Defendant has failed to accurately provide the portion of the FDCPA validation notice required by 15 U.S.C. § 1692g(a).

33. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a), 1692g(a)(3), 1692e and 1692e(10).

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family or household purposes, (d) between October 14, 2015 and October 14, 2016, inclusive, (e) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692g(a) and 1692e.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 14, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com